**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| STANLEY JONES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL WIDE MEDIA, INC., a California corporation<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Stanley Jones ("Jones" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Global Wide Media, Inc. ("Global Wide" or "Defendant") to stop the Defendant from violating the Telephone Consumer Protection Act by sending (or having others send on its behalf) unsolicited text messages to consumers, including text messages that were sent to phone numbers registered on the National Do Not Call Registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of Defendant. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Defendant Global Wide is a digital marketing company.

2. Part of Defendant's marketing plan uses affiliates to send out text messages.

3. Such text messages are sent without the necessary express written consent.

1

4. Plaintiff received 2 text messages to his cellular phone from or on behalf of Defendant, despite not consenting to the receipt of the messages and having his phone number registered on the DNC.

5. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring the Defendant to cease from sending unsolicited, text messages to consumers' cellular telephone numbers on behalf of the Defendant and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Class.

**PARTIES**

6. Plaintiff Jones is a Campbellsburg, Kentucky resident.

7. Defendant Global Wide Media is a California corporation, with its principal office located at Westlake Village, CA 91361.

**JURISDICTION AND VENUE**

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts business in this District and the wrongful conduct leading to this case was directed by the Defendant to the Plaintiff in this District.

**COMMON ALLEGATIONS**

**Defendant Sends Out Text Messages to Consumers On Behalf of Companies like Accredited Debt Relief**

10. Defendant provides marketing and lead generation services for its clients, including Accredited Debt Relief.

11. Defendant sends out text messages directly to consumers or causes text messages to be sent to consumers for the benefit of its clients.

12. The Federal Communication Commission has provided instruction stating that sellers such as Defendant may not avoid liability by having their telemarketing outsourced to third parties:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activies to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declatory Ruling Concerning the TCPA Rules, 28 FCC Rcd. 6574, at ¶ 37 (201) ("FCC 2013 Ruling") (citations omitted).*

**Plaintiff Received Unsolicited Text Messages to**
**His Cell Phone Despite Having His Phone Number Registered on the DNC**

13. On April 21, 2017, Plaintiff Jones registered his cell phone number on the DNC.

14. Plaintiff Jones uses his cell phone for personal use only. It is not used for business purposes.

15. On July 4, 2019 at 12:37 PM, Plaintiff Jones received a text message on his cell from, or on behalf of Defendant from 410-100-026:



16. Clicking on easy.wecanhelpfixyourcredit.com leads directly to the Accredited Debt Relief website, more specifically https://www.accreditedebtrelief.com/free-quote/?affiliate_id=14&offer_id=40&subid1=5996&subid2=262&subid3=1021744f6f38cfe9737b4bf1a8ef11&subid4=&subid5=&click_id=bljsutnqokqsds1qbv3g&request_id=2-bkhl4vhj879sdnmjjeog&campaign_id=1328&utm_medium=affiliate&utm_source=14&utm_campaign=16-1328.[1]

17. The registry information for wecanhelpfixyourcredit.com is private.

18. On information and belief, Accredited Debt Relief contracted with Defendant Global Wide Media to generate leads on its behalf. Global Wide Media then sent (or hired a third party to send on its behalf) the text at issue to Plaintiff for the purpose of generating leads for Accredited Debt Relief.

19. On July 30, 2019 at 7:24 PM, Plaintiff Jones received a second text message on his cell phone from, or on behalf of Defendant, this time from 410-200-534:

---

[1] Link tracker using Charles – (acreliefnetwork.com forwards directly to accreditedebtrelief.com.) The other URL's shown in the image are for the sake of link tracking or unrelated to this case.



20. Clicking on 2kp9p4yngu17.donatesensation.info leads directly to: https://www.accrediteddebtrelief.com/landing-pages/12/?affiliate_id=14&offer_id=40&subid1=5996&subid2=336&subid3=102740f97814f52b2549430b2c362e&subid4=&subid5=&click_id=bl0os9esaf8sdgjs07c0&request_id=2-bkhl4vhj879sdnmjjeog&campaign_id=1328&utm_medium=affiliate&utm_source=14&utm_campaign=16-1328.

21. The registry information for donatesensation.info is also private.

22. Both of the unsolicited, text messages that Plaintiff received lead to the following landing page on AccreditedDebtRelief.com.

23. Again, Defendant was hired by Accredited Debt Relief to generate leads for Accredited and sent the texts at issue in furtherance of that agreement.

24. On information and belief, these text messages are sent *en masse* because the text messages are impersonal in nature.

25. Plaintiff has never given Defendant consent to send text messages to him.

26. The unauthorized text messages harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Jones's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27. Seeking redress for these injuries, Jones, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including text messages that were sent to phone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claim**

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her residential telephone number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call, or (b) it did not obtain prior express written consent.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

30. **Numerosity**: The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed text messages to hundreds or thousands of consumers who fall into the defined Class. However, the true total number of members of the Class can be identified through reference to objective criteria, including Defendant's records and the DNC Registry.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant sent more than 1 text message to Plaintiff and the members of the Do Not Call Registry Class;
>
> (b) whether the conduct of the Defendant constitutes a violation of the TCPA; and
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

34. Plaintiff repeats and realleges the paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

37. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

38. Defendant Accredited or its agents violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39. Defendant or its agents violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call, or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jones, individually and on behalf of the Class, prays for the following relief:

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that the Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jones requests a jury trial.

Respectfully Submitted,

**STANLEY JONES**, individually and on behalf of those similarly situated individuals

Dated: June 15, 2021

By: /s/ *Larry D. Ashlock*
Larry D. Ashlock, Esq.
Ashlock Law Group, PLLC
306 W. Dixie Ave.
Elizabethtown, KY 42701
Telephone: (270) 360-0470
Larry@AshlockLawGroup.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*